**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ACCELERON, LLC )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EGENERA, INC., FUJITSU-SIEMENS )<br>COMPUTERS, INC., FUJITSU-SIEMENS )<br>COMPUTERS, LLC, HEWLETT-PACKARD CO., )<br>INTEL CORP., INTERNATIONAL BUSINESS )<br>MACHINES CORP., NEC CORPORATION OF )<br>AMERICA, RACKABLE SYSTEMS, INC., )<br>SILICON MECHANICS, INC., SUN )<br>MICROSYSTEMS, INC., and SUPERMICRO )<br>COMPUTER, INC. )<br>)<br>Defendants. )<br>) | Civil Action No. 6:08-cv-00417-LED<br><br>JURY TRIAL DEMANDED |

**DEFENDANT INTEL CORPORATION'S NOTICE OF JOINING IN DEFENDANT
HEWLETT-PACKARD COMPANY'S MOTION TO TRANSFER VENUE**

After having litigated U.S. Patent No. 6,948,021 ("'021 patent") covering blade server technology for over one year in a District of Delaware declaratory judgment suit that Hewlett-Packard Company ("HP") filed, Acceleron, LLC ("Acceleron") filed an almost identical suit in this Court against HP, Intel Corporation ("Intel"), and other defendants.  The issues in this case, including the construction of disputed '021 claim terms, the nature and scope of the prior art, the validity of the asserted '021 claims, and the complex blade server technology in question, are nearly all identical to those in the first-filed case in Delaware.  Absent a transfer of this action to Delaware, a duplication of judicial effort is guaranteed and the threat of potentially inconsistent results is real.

Under these circumstances, Fifth Circuit law, as expressed in *Save Power* and *Volkswagen*, mandates transfer to Delaware. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. Tex. 2008); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *see also In Re TS Tech USA Corp.*, No. 2:07-cv-406 (Fed. Cir. Dec. 29, 2008) (order granting petition for writ of mandamus). Accordingly, and for the reasons set forth more fully below, Intel joins in HP's Motion to Transfer, and respectfully requests that the Court transfer this action to the District of Delaware under the first-to-file rule or, in the alternative, under 28 U.S.C. Section 1404(a).

## FACTUAL BACKGROUND

HP sued Acceleron in the United States District Court for the District of Delaware on October 17, 2007. HP's 2007 Delaware suit seeks a declaratory judgment that its blade servers do not infringe the '021 patent's claims, and that these claims are invalid. (HP Motion To Transfer ("HP Mot."), Ex. A.) More than a year later, on October 28, 2008, Acceleron filed this Texas suit against HP, Intel, and nine other defendants. (*See id.*, Ex. C.) Acceleron's 2008 Texas complaint alleges the defendants' blade server technology infringes valid claims of the '021 patent. (*Id.*)

The issues in the Delaware case are in many critical respects identical to those in this action. Because the same patent is involved, claim construction issues will be identical. Indeed, without a transfer, claim construction issues could be complicated significantly, with the non-HP defendants in this case potentially faced with a Delaware claim construction as to which they are unable to participate unless the case is transferred. Invalidity issues also will be identical in both cases. Even infringement issues are likely to be very similar. Specifically, the Delaware complaint seeks a declaratory judgment that HP's "Blade Server Products" do not infringe the

'021 patent. (HP Mot., Ex. A at ¶¶ 5-6, 10, 16-25.) Acceleron accuses in this action the exact same HP product at issue in the Delaware action, as well as non-HP products that are all also blade server systems similar to the HP products at issue in Delaware. With respect to Intel in particular, Acceleron alleges that Intel has infringed the '021 patent by sale of "products, including but not limited to blade server systems such as the Intel® Blade Center System." (*Id.*, Ex. C at ¶ 27.)

**ARGUMENT**

**I.     THE "FIRST-TO-FILE" RULE REQUIRES THE TRANSFER OF THIS CASE**

As its name implies, the "first-to-file" rule favors transfer to the forum of the first-filed case. *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *overruled on other grounds, Wilton v. Seven Falls, Inc.*, 515 U.S. 277 (1995); *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 606 (5th Cir. Tex. 1999); *Save Power*, 121 F.3d at 950; *Motorola v. Research in Motion Ltd.*, No. 2:08-cv-69 (E.D. Tex. Oct. 17, 2008) (order granting motion to transfer) (finding first-to-file rule applied and ordering a case filed minutes after the original action to be transferred to the district of the original action). The first to file rule applies in patent cases when the first-filed case is a declaratory judgment action. *Genentech*, 998 F.2d at 937; *AmberWave Sys. Corp. v. Intel Corp.*, No. 2:05-cv-321, 2005 U.S. Dist. LEXIS 30010, *2-3 (E.D. Tex. Nov. 1, 2005) (applying first-to-file rule where declaratory judgment action was filed two months prior to patent infringement suit). The rule further applies where the declaratory judgment defendant of the first-filed case names additional parties as defendants in its own second-filed case. *Save Power*, 121 F.3d 947 at 950-51 (transferring the second-filed case, holding that the first-to-file rule does not require identical cases nor identical parties); *AmberWave*, at *5 (finding substantial overlap does not require that the same parties are involved in both actions); *see also*,

- 3 -

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 731 n.5 (5th Cir. 1985) (noting that missing parties could be made parties to the first-filed action).

The purpose of the first-to-file rule is to prevent duplicative litigation and inconsistent rulings. *Cadle*, 174 F.3d at 603; *Save Power*, 121 F.3d at 950.

As applied, the rule requires that the second-filed court transfer the case to the court of the original action if it finds that issues might substantially overlap. *Save Power*, 121 F.3d at 950; *accord Cadle Co.*, 174 F.3d at 606; *see also, Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407-08 (5th Cir. 1971). The first-filed court will then decide how to proceed. *Save Power*, 121 F.3d at 950; *accord Cadle Co.*, 174 F.3d at 606; *see also*, *Mann Mfg.*, 439 F.2d at 408.

### A. The Delaware Action is the First-Filed Action

It is undisputed that HP's 2007 Delaware declaratory judgment action was filed before Acceleron's 2008 Texas action. The only question, therefore, is whether these two cases might substantially overlap. *Save Power*, 121 F.3d at 950; *accord Cadle Co.,* 174 F.3d at 606; *see also, Mann Mfg.,* 439 F.2d at 407-08. For the reasons discussed below, the overlap across these cases is clearly substantial.

### B. The Second-Filed Action Overlaps Substantially with the First-Filed Delaware Action

Two cases substantially overlap where they involve closely related questions or subject matter; they do not need to be identical. *AmberWave*, at *4; *Save Power*, 121 F.3d 947 at 950. As demonstrated above, this case and the Delaware case involve identical questions of claim construction and invalidity, and closely related questions of noninfringement.[1] The fact that there are additional defendants in this case is irrelevant – cases can substantially overlap where

---

[1] Cases can even substantially overlap where different patents are at issue in each action. For example, in *AmberWave*, this Court determined there might be substantial overlap between two actions where different patents were at issue in each action because the patents related to the same area of technology. *Id.* at * 4-5. Due to the possibility of a substantial overlap, this Court transferred the case to the first-filed court. *Id.* at *7. Obviously, cases involving the *same patent*, as here, even more clearly overlap substantially.

the parties are not identical in the two cases. *Save Power*, 121 F.3d 947 at 950-51 (transferring the second-filed case, holding that the first-to-file rule does not require identical cases nor identical parties); *AmberWave*, at *5 (finding substantial overlap does not require that the same parties are involved in both actions); *see also*, *West Gulf Maritime*, 751 F.2d at 731 n.5 (noting that missing parties could be made parties to the first-filed action).

In this case, the existence of substantial overlap with the first-filed Delaware action is indisputable. The primary issues in the cases, such as the construction of the '021 patent claim terms, scope and content of the prior art, and the validity of the '021 patent, are identical in the two actions. The two cases also involve nearly identical products. The Delaware complaint seeks a declaration that "Blade Server Products" do not infringe any '021 patent claim, and that the claims are invalid. (HP Mot., Ex. A at ¶¶ 5-6, 10, 16-25.) Likewise, the defendants in this case (including HP) have all answered that their blade server products do not infringe any '021 patent claim, and that the claims are invalid. Indeed, Acceleron accuses in this action the exact same HP product at issue in the Delaware action, and Acceleron's allegations of infringement against "blade servers" of each of the other defendants read almost identically to those it makes against HP.

The only colorable difference between the first-filed Delaware action and this case is one Acceleron engineered by naming additional defendants in its second-filed complaint. But, as discussed above, courts routinely transfer under exactly these circumstances. *Save Power*, 121 F.3d 947 at 950-51; *AmberWave*, at *5; *see also*, *West Gulf*, 751 F.2d at 731 n.5. For all of the same reasons transfer was appropriate in *Save Power* and *AmberWave*, this case should be transferred to Delaware where the first-filed action is presently pending.

## II.     IN THE ALTERNATIVE, TRANSFER IS APPROPRIATE UNDER 28 U.S.C. SECTION 1404(A)

Even if this case and the Delaware action somehow could be found not to substantially overlap, transfer would be appropriate under Section 1404(a).  This result is confirmed by the recent decisions of the Federal Circuit and Fifth Circuit in the *TS Tech* and *Volkswagen* cases, as well as by Judge Folsom's recent decision in *Simmons.  See In Re TS Tech USA Corp.*, No. 2:07-cv-406 (Fed. Cir. Dec. 29, 2008) (order granting petition for writ of mandamus); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. Tex. 2008); *Simmons v. Ford Motor Co.*, No. 2:07-cv-098, 2009 WL 173850 (E.D. Tex. Jan. 5, 2009).

Pursuant to Section 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of Section 1404 is "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."  *Empty Barge Lines II Inc. v. Dredge Leonard Fisher*, 441 F. Supp 2d 786, 789 (E.D. Tex. 2006) (internal citations omitted).

Here, it is clear Acceleron's patent claims against Intel could have been brought in Delaware in the first instance.  *See Volkswagen*, 545 F.3d, at 312.  Both Intel and Acceleron are incorporated in Delaware; thus, venue is appropriate in Delaware and both are subject to personal jurisdiction there.  28 U.S.C. § 1391(c); *Carter-Beveridge Drilling Co. v. Hughes*, 323 F.2d 417, 418 (5th Cir. 1963) (corporation may be sued in any judicial district in which it is incorporated and is considered a resident of the judicial district for venue purposes).  Likewise, because Acceleron's claims are based on allegations of patent infringement, an exclusive federal question, subject matter jurisdiction clearly exists in Delaware.

A party seeking transfer need only show "good cause" by demonstrating that transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." The party does ***not***, however, have to show that the § 1404(a) factors "substantially outweigh" the plaintiffs' choice of venue. *Volkswagen*, 545 F.3d at 314-15; *see also*, *In Re TS Tech*, No. 2:07-cv-406 (directing the District Court for the Eastern District of Texas to vacate order denying motion to transfer, due in part to the district court giving too much weight to Plaintiff's choice of venue, and directing transfer of patent suit); *Simmons*, at *3 (following *Volkswagen* and granting transfer due to defendant's showing of good cause to transfer case from the Eastern District of Texas).

The Fifth Circuit applies the "public" and "private" factors for determining *forum non conveniens* when deciding a § 1404(a) venue transfer question, noting that the list is not exhaustive and no factor is dispositive. *Volkswagen*, 545 F.3d at 314 n.9, 315; *see also In re Triton Secs. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999). The "private" interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The "public" interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *Volkswagen*, 545 F.3d at 315; *Simmons,* at *3 (applying the public and private interest factors listed in *Volkswagen* and finding that factors weighed in favor of transfer).

With respect to the "private" interest factors, the convenience of the litigants favors transfer to Delaware. Both Intel and Acceleron are incorporated in Delaware and thus have

- 7 -

substantial connections to Delaware.  Intel does not, however, have any substantial connection to Texas.  Similarly, although Acceleron has a Texas address, Acceleron transacts no obvious business in Texas nor appears to employ any individuals there.  Further, allowing this case to proceed here would create "needlessly duplicative litigation" and threaten inconsistent rulings, both of which would significantly impact the cost and ease for the parties here.  *See Research in Motion Ltd. v. Visto Corp.*, No. 3:06-cv-0783, 2007 U.S. Dist. LEXIS 36189, *9-11 (N.D. Tex. May 17, 2007) (finding that the fourth factor – all other practical problems that make trial of a case easy, expeditious and inexpensive – strongly favored transfer of the subsequently-filed action to a district with a related patent infringement case).[2]

In addition, factors relating to the public interest in the fair and efficient administration of justice significantly favor transfer.  Delaware has a substantial interest in adjudicating these claims given Intel, Acceleron, and HP (in addition to seven other of the defendants) are incorporated there.  (HP Mot., Ex. C at ¶¶ 2-7, 9-10, 12-13.)  Further, because the Delaware action was filed over a year ago, the Delaware forum is already somewhat familiar with the facts and issues in the case.  Judicial efficiency dictates that the court in which the action has already been pending for over a year should resolve the duplicative issues.  *See In re Enron Corp. Secs.*, MDL 1446, 2007 U.S. Dist. LEXIS 91141, * 67 (S.D. Tex. Dec. 10, 2007) (finding that "maintenance of two suits arising from the same occurrences in two separate courts gives rise to the kind of congestion that a § 1404 transfer was intended to eliminate and justifies transfer") (citing *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 529 (5th Cir. 1988)).[3]

---

[2] "Private" factors two and three – the availability of compulsory process to secure the attendance of witnesses and the cost of attendance for willing witnesses – are neutral given that the compulsory process to secure the attendance of witnesses is likely identical or very similar in both jurisdictions and that the vast majority of willing witnesses will come from neither Texas nor Delaware.

[3] "Public" factor four – the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law – is neutral, as there are no conflicts of law or any application of foreign law.

But even if the convenience factors did not favor transfer as they do here, the interest of justice independently dictates transfer in patent cases where there is related litigation in the transferee court. *E.g., Data Treasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 594 (N.D. Tex. Feb. 7, 2003) (internal citations omitted); *see also*, *Jarvis*, 845 F.2d at 528-29 ("the existence of related litigation in a transferee court is a factor that weighs strongly in favor of transfer"). Related patent cases should be resolved "in the same forum whenever possible" because "[h]aving two different courts interpret the same patent claims would risk inconsistent claim construction rulings which, in turn, would promote uncertainty and impede the administration of justice." *Data Treasury*, 243 F. Supp. 2d at 595-97 (transferring the patent litigation to the court where the litigation was filed earlier because judicial economy dictated the case be transferred to the court in which the progress of the litigation was more advanced). Courts in the Eastern District of Texas have similarly transferred cases because the interest of justice weighs in favor of having parties resolve their related patent disputes in one forum. *Chi Mei Optoelectronics Corp. v. LG Philips LCD Co.*, No. 2:07-cv-176, 2008 U.S. Dist. LEXIS 25977, *6 (E.D. Tex. Mar. 31, 2008) (holding interest of justice weighed in favor of having the parties resolve their related disputes in District of Delaware where accused technology in two patent cases was similar); *see also*, *Kinetic Concepts, Inc. v. BlueSky Med. Group, Inc.*, No. 2:07-cv-188, 2008 U.S. Dist. LEXIS 2900, *5-6 (E.D. Tex. Jan. 14, 2008) (granting motion to transfer in part because accused technology in instant suit was similar to accused technology in previous suit).

Accordingly, the interest of justice strongly favors transfer of this action to Delaware to prevent inconsistent claim construction rulings, inconsistent invalidity determinations, and the unnecessary, and entirely preventable, waste of resources due to duplicative actions.

## **CONCLUSION**

For the above stated reasons, in accordance with the first-to-file rule, Intel joins HP's motion to transfer this action to the United States District Court for the District of Delaware.

Dated: February 6, 2009  Respectfully Submitted,

  */s/ Michael E. Jones*

Michael E. Jones
(mikejones@potterminton.com)
State Bar No. 10929400
POTTER MINTON, P.C.
110 North College
500 Plaza Tower
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**Of Counsel:**

William F. Lee
(william.lee@wilmerhale.com)
Mark G. Matuschak
(mark. Matuschak@wilmerhale.com)
Peter M. Dichiara
(peter.dichiara@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND
    DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

James M. Dowd
(james.dowd@wilmerhale.com)
Michael D. Jay
(michael.jay@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND
    DORR LLP
350 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 6, 2009. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*