**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ACCELERON, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br><br>EGENERA, INC.,<br>FUJITSU-SIEMENS COMPUTERS, INC.,<br>FUJITSU-SIEMENS COMPUTERS, LLC,<br>FUJITSU AMERICA INC.,<br>HEWLETT-PACKARD CO.,<br>INTEL CORP.,<br>NEC CORPORATION OF AMERICA,<br>RACKABLE SYSTEMS, INC.,<br>SILICON MECHANICS, INC.,<br>SUN MICROSYSTEMS, INC., and<br>SUPERMICRO COMPUTER, INC.,<br><br>　　　　　　Defendants. | Civil Action No. 6:08-CV-00417-LED<br><br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Acceleron, LLC ("Acceleron") files this Amended Complaint against

Defendants Egenera, Inc. ("Egenera"), Fujitsu-Siemens Computers, Inc. ("Fujitsu-Siemens"),

Fujitsu-Siemens Computers, LLC ("Fujitsu-Siemens LLC"), Fujitsu America Inc. ("Fujitsu"),

Intel Corp. ("Intel"), Hewlett-Packard Co. ("HP"), NEC Corporation of America ("NEC"),

Rackable Systems, Inc. ("Rackable"), Silicon Mechanics, Inc. ("Silicon Mechanics"), Sun

Microsystems, Inc. ("Sun"), and SuperMicro Computer, Inc. ("SuperMicro"), (collectively,

"Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action in which Acceleron seeks damages and injunctive relief under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., for the infringement of United States Patent No. 6,948,021 resulting from the Defendants' actions and conduct, as set forth herein.

## THE PARTIES

2.      Acceleron, LLC is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 1530 SSW Loop 323, Suite 111, Tyler, Texas, 75701.

3.      Egenera, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 165 Forest St., Marlboro, Massachusetts 01752.  Egenera has appointed its agent for service of process as follows:  C T Corporation System, 350 North St. Paul St., Dallas, TX 75201.

4.      Fujitsu-Siemens Computers, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 1250 E. Arques Ave., Mail Stop 190, Sunnyvale, California 94085.  Fujitsu-Siemens has appointed its agent for service of process as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

5.      Fujitsu-Siemens Computers, LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 1250 E. Arques Ave., Mail Stop 190, Sunnyvale, California 94085.  Fujitsu-Siemens LLC has appointed its agent for service of process as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

6.      Fujitsu America Inc. is a corporation organized and existing under the laws of California with its principal place of business at 1250 E. Arques Ave. MS 124, Sunnyvale, CA 94085.  Fujitsu America Inc. has appointed its agent for service of process as follows: C T Corporation System, 350 N. Paul St., Dallas, Texas, 75201 and/or C T Corporation System, 818 West Seventh St., Los Angeles, CA 90017.

7.      Hewlett-Packard Co. is a corporation organized and existing under the laws of Delaware with its principal place of business at 3000 Hanover Street, Palo Alto, California.  HP has appointed its agent for service of process as follows: C T Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

8.      Intel Corp. is a corporation organized and existing under the laws of Delaware with its principal place of business at 2200 Mission College Blvd., Santa Clara, CA 95054.  Intel has appointed its agent for service of process as follows:  C T Corporation System, 350 North St. Paul St., Dallas, TX 75201.

9.      NEC Corporation of America is a corporation organized and existing under the laws of Delaware with its principal place of business at 6535 North State Highway 161, Irving, Texas 75039.  NEC has appointed its agent for service of process as follows: Corporation Service Company, 701 Brazos, Suite 1050, Austin, TX 78701.

10.     Rackable Systems, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 46600 Landing Parkway, Fremont, CA 94538. Rackable has appointed its agent for service of process as follows: August John Miller, 46600 Landing Parkway, Fremont, CA 94538.

11.     Silicon Mechanics, Inc. is a corporation organized and existing under the laws of Washington with its principal place of business at 22029 23rd Dr. SE, Bothell, Washington

98021-4410.  Silicon Mechanics has appointed its agent for service of process as follows: KTC

Service Corp., 1201 3rd Ave, Suite 2900, Seattle, WA 98101.

12.     Sun Microsystems, Inc. is a corporation organized and existing under the laws of

Delaware with its principal place of business at 4150 Network Circle, Santa Clara, California

95054.  Sun has appointed its agent for service of process as follows:  C T Corporation System,

350 North St. Paul St., Dallas, TX 75201.

13.     SuperMicro Computer, Inc. is a corporation organized and existing under the laws

of Delaware with its principal place of business at 980 Rock Ave., San Jose, CA 95131.

SuperMicro has appointed its agent for service of process as follows: Charles Liang, 980 Rock

Ave., San Jose, CA 95131.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, and 1338(a).

15.     On information and belief, Defendants are subject to this Court's specific and

general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at

least to their substantial business in this forum, including: (i) selling goods that infringe the

patents-in-suit in this forum; and (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in Texas and in this Judicial District.

16.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL BACKGROUND: THE INFRINGED PATENT

17.     United States Patent No. 6,948,021, entitled "Cluster Component Network

Appliance System and Method for Enhancing Fault Tolerance and Hot-Swapping" issued on

September 20, 2005, to Racemi Systems as assignee of the inventors, Joel Brian Derrico and

Paul Jonathon Freet ("the '021 Patent").  Acceleron is the owner of the entire right, title and

interest in and to the '021 Patent.  A true and correct copy of the '021 Patent is attached hereto as

Exhibit A.

18.     On information and belief, each of the Defendants has, without authority, directly

infringed, contributed to the infringement of or actively induced the infringement of, one or more

claims of the '021 Patent within the United States and in this Judicial District.

19.     Acceleron has been damaged by Defendants' infringing acts, and will continue to

be damaged if Defendants are not enjoined by this Court from further infringing acts.

20.     Defendants' infringing acts have been without express or implied license by

Acceleron, and are in violation of Acceleron's rights.

## COUNT I

### Infringement of U.S. Patent No. 6,948,021

21.     Acceleron incorporates and re-alleges paragraphs 1 – 20 as if fully set forth

herein.

22.     Upon information and belief, Egenera has infringed, contributed to the

infringement of, or induced the infringement of the '021 Patent by making, using, selling,

offering for sale, and/or importing into the United States products, including but not limited to

blade server systems such as the BladeFrame, without authorization of Acceleron, and continues

to do so today.

23.     Upon information and belief, Fujitsu-Siemens has infringed, contributed to the

infringement of, or induced the infringement of the '021 Patent by making, using, selling,

offering for sale, and/or importing into the United States products, including but not limited to

blade server systems such as PRIMERGY BladeFrame BF200 chassis, PRIMERGY BX600 chassis, PRIMERGY BX620 S4 blade server, PRIMERGY BFi20 S4 blade server, and PRIMERGY BFa40 S2 blade server, without authorization of Acceleron, and continues to do so today.

24.     Upon information and belief, Fujitsu-Siemens LLC has infringed, contributed to the infringement of, or induced the infringement of the '021 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including but not limited to blade server systems such as PRIMERGY BladeFrame BF200 chassis, PRIMERGY BX600 chassis, PRIMERGY BX620 S4 blade server, PRIMERGY BFi20 S4 blade server, and PRIMERGY BFa40 S2 blade server, without authorization of Acceleron, and continues to do so today.

25.     Upon information and belief, Fujitsu has infringed, contributed to the infringement of, or induced the infringement of the '021 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including but not limited to blade server systems such as PRIMERGY BladeFrame BF200 chassis, PRIMERGY BX600 chassis, PRIMERGY BX620 S4 blade server, PRIMERGY BFi20 S4 blade server, and PRIMERGY BFa40 S2 blade server without authorization of Acceleron, and continues to do so today.

26.     Upon information and belief, HP has infringed, contributed to the infringement of, or induced the infringement of the '021 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including but not limited to blade server systems such as the HP BladeSystem, without authorization of Acceleron, and continues to do so today.

27.     Upon information and belief, Intel has infringed, contributed to the infringement of, or induced the infringement of the '021 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including but not limited to blade server systems such as the Intel® Blade Server System, without authorization of Acceleron, and continues to do so today.

28.     Upon information and belief, NEC has infringed, contributed to the infringement of, or induced the infringement of the '021 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including but not limited to blade server systems such as the SigmaBlade-M and Express 5800/1020Ba Blade Server, without authorization of Acceleron, and continues to do so today.

29.     Upon information and belief, Rackable Systems has infringed, contributed to the infringement of, or induced the infringement of the '021 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including but not limited to blade server systems such as the ST2000 System, without authorization of Acceleron, and continues to do so today.

30.     Upon information and belief, Silicon Mechanics has infringed, contributed to the infringement of, or induced the infringement of the '021 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including but not limited to blade server systems such as the Bladeform 5100 and 8100 series, without authorization of Acceleron, and continues to do so today.

31.     Upon information and belief, Sun has infringed, contributed to the infringement of, or induced the infringement of the '021 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including but not limited to blade server

systems such as the SunBlade™ 8000 and 8000 P Modular Systems, without authorization of Acceleron, and continues to do so today.

32.     Upon information and belief, SuperMicro has infringed, contributed to the infringement of, or induced the infringement of the '021 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including but not limited to blade server systems such as the Altix 4700 system, without authorization of Acceleron, and continues to do so today.

33.     Acceleron has not authorized any of the Defendants to make, use, sell, offer for sale, or import into the United States products covered by the '021 Patent.

34.     As a result of Defendants' infringing conduct, Acceleron has suffered damage and irreparable harm.  On information and belief, Defendants' infringement, contributory infringement, or induced infringement of the '021 Patent will continue unless enjoined by this Court.

35.     Acceleron has no adequate remedy at law for Defendants' infringement, contributory infringement or induced infringement of the '021 Patent.

## JURY DEMAND

36.     Acceleron hereby requests a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, as to all issues which may be tried by a jury.

## PRAYER FOR RELIEF

Wherefore, Acceleron prays that the Court:

(a)     Enter judgment that the Defendants have infringed, contributorily infringed or knowingly induced infringement of the '021 Patent;

(b)     Preliminarily and permanently enjoin Defendants from further acts of

infringement of the '021 Patent;

(c)     Enter judgment awarding Acceleron damages adequate to compensate for

Defendants' infringement of the '021 Patent;

(d)     Enter judgment declaring this to be an exceptional case, and awarding Acceleron

its attorneys fees incurred against Defendants pursuant to 35 U.S.C. § 285; and

(e)     Enter judgment awarding Acceleron costs, prejudgment interest, and such further

relief as the Court deems just and proper.

Dated: April 22, 2009

Respectfully submitted,


By:    _/s/ Jason W. Cook_____
          Jason W. Cook, Esq.
          Lead Counsel
          TX State Bar No. 24028537
          jason.cook@alston.com
          ALSTON + BIRD, LLP
          Chase Tower
          2200 Ross Avenue
          Suite 3601
          Dallas, TX 75201
          Phone: 214-922-3407
          Fax: 214-922-3899

          Patrick J. Flinn, Esq.
          George Medlock, Jr., Esq.
          Jennifer Liotta, Esq.
          Alston + Bird, LLP
          One Atlantic Center
          1201 West Peachtree Street
          Atlanta, GA 30309-3424
          Phone: 404-881-7000
          Fax: 404-881-7777
          patrick.flinn@alston.com
          george.medlock@alston.com
          jennifer.liotta@alston.com

Sarah C. Hsia, Esq.
Alston + Bird, LLP
90 Park Ave.
New York, NY 10016
Phone: 212-210-9400
Fax: 212-210-9444
sarah.hsia@alston.com

*Attorneys for Plaintiff*
*ACCELERON, LLC*

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 22nd day of April, 2009.

<u>*/s/  Jason W. Cook*</u>