IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACCELERON, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-128-SLR |
| | ) |
| HEWLETT-PACKARD CO., and | ) |
| INTEL CORP., | ) |
| | ) |
| Defendants. | ) |

Steven J. Balick, Esquire, Lauren E. Maguire, Esquire and Caroline Hong, Esquire of Ashby & Geddes, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Patrick J. Flinn, Esquire, George D. Medlock, Jr., Esquire, Jennifer Liotta, Esquire, and Eric Andalman, Esquire of Alston & Bird LLP, Atlanta, Georgia and Jason W. Cook, Esquire of Alston & Bird LLP, Dallas, Texas.

William J. Wade, Esquire and Stephen M. Ferguson, Esquire of Richards, Layton & Finger, P.A., Wilmington, Delaware. Counsel for Defendant Hewlett-Packard Co. Of Counsel: Charlene M. Morrow, Esquire of Fenwick & West LLP, Mountain View, California and Darryl M. Woo, Esquire, Heather N. Mewes, Esquire, David D. Schumann, Esquire, Erin C. Jones, Esquire and Lauren E. Whittemore, Esquire of Fenwick & West LLP, San Francisco, California.

Richard L. Horwitz, Esquire and David E. Moore, Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware. Counsel for Defendant Intel Corp. Of Counsel: William F. Lee, Esquire and Mark G. Matuschak, Esquire of Wilmer Cutler Pickering Hale and Dorr LLP, Boston, Massachusetts and James M. Dowd, Esquire and Michael D. Jay, Esquire of Wilmer Cutler Pickering Hale and Dorr LLP, Los Angeles, California.

**MEMORANDUM OPINION**

Dated: December 16, 2010
Wilmington, Delaware

*[signature]*
ROBINSON, District Judge

## I. INTRODUCTION

On October 28, 2008, plaintiff Acceleron LLC ("Acceleron") filed this action in the United States District Court for the Eastern District of Texas against defendants Hewlett-Packard Company ("HP") and Intel Corp. ("Intel") (together, "defendants"), alleging infringement of U.S. Patent No. 6,948,021 ("the '021 patent"). (D.I. 1) HP and Intel filed their answers and counterclaims to Acceleron's complaint on January 23, 2009, including defenses and counterclaims of non-infringement and invalidity. (D.I. 58; D.I. 65) The case was transferred to this court on February 19, 2010. (D.I. 275) Presently before the court are Acceleron's motion to complete Rule 56(f) discovery (D.I. 479) and motion to compel documents and testimony (D.I. 482). For the reasons that follow, the court will deny the motion to complete Rule 56(f) discovery and deny the motion to compel as moot.

## II. BACKGROUND

Discovery first began in the instant action with a discovery order entered in the Eastern District of Texas on March 16, 2009. (D.I. 119) In July 2009, defendants produced a substantial amount of discovery in response to Acceleron's discovery requests. (D.I. 509, ex. E) On February 26, 2010, after the case was transferred to this court, Acceleron served additional discovery requests on defendants, including requests for information regarding sales information, customer communications and other customer data.[1] (D.I. 480, exs. A, B) Defendants responded to Acceleron's

---

[1] Specifically, Acceleron made the following requests:

[RFP 13] All documents referring or relating to plans to sell or offer for sale any of the Accused Products in the United States by [defendants],

requests by early April 2010, refusing to provide the requested information on the grounds that the requests related to damages and were irrelevant at that stage of the bifurcated proceeding. (*Id.*, exs. C, D)

The court held a discovery conference on April 23, 2010 to determine how to narrow the scope of Acceleron's additional requests. (D.I. 513, HPA ex. 54) During the conference, HP explained that it believed all remaining discovery issues had been resolved after the initial production in July 2009, and it would be burdensome to permit

---

and any emails, letters, internal communications, or external communications related to or reflecting such information.

[RFP 14] All documents referring or relating to sales or marketing meeting minutes, memoranda, timelines, milestone reports, or action items, for the Accused Products, and any emails, letters, internal communications, or external communications related to or reflecting such information.

[RFP 16] All marketing materials prepared for distribution to consumers or distributers in the United States related to the Accused Products, and any emails, letters, internal communications, or external communications related to or reflecting such information.

[RFP 21] All documents related to marketing events, industry conferences, or other events attended by [defendants], related to sales of [defendants'] server products or server products embodying [defendants'] design, and any emails, letters, internal communications, or external communications related to or reflecting such information.

[RFP 22] All correspondence between HP and any third party related to or reflecting sales or offers for sale of any of the Accused Products in the United States, and any emails, letters, internal communications, or external communications related to or reflecting such information.

[RFP 23] All invoices, bills of lading, order forms, and other documents related to the sale of any of the Accused Products in the United States, and any emails, letters, internal communications, or external communications related to or reflecting such information.

(D.I. 480, exs. A, B)

additional discovery. (*Id.*, HPA ex. 54 at 22:10-18) Following the discovery conference, Acceleron narrowed its new requests. (D.I. 509, ex. G) At a May 3, 2010 follow-up hearing, counsel for Acceleron informed the court that all but one outstanding discovery issue regarding HP and Intel had been resolved.[2] (D.I. 513, HPA ex. 57, 6:1-8) The court entered a discovery order on May 5, 2010, setting the close of fact discovery for August 20, 2010. (D.I. 333)

On the last day of fact discovery, HP produced seven Excel documents containing raw configuration data from its configuration to order system showing the system configurations bought by customers. (D.I. 483 at 4 n.2; D.I. 510 at 6) In early October 2010, defendants submitted their expert reports, which considered the configuration data of the accused products and concluded that not all of the accused systems were sold with components required by Acceleron's claim construction. (D.I. 514, Ex. 1) On November 1, 2010, defendants filed their motions for summary judgment of non-infringement. (D.I. 430; D.I. 431) Acceleron moved on November 22, 2010 to complete Rule 56(f) discovery and to compel additional discovery regarding customer data, alleging that defendants prevented Acceleron from obtaining discovery regarding customer configurations of the accused products. (D.I. 479; D.I. 482)

---

[2]The one remaining discovery issue is unrelated to the current dispute and has since been dropped from the case.

## III. STANDARD OF REVIEW

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure,[3] "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). A Rule 56(d) motion "must identify with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Lunderstadt v. Colafella*, 885 F.2d 66, 71 (3d Cir. 1989) (internal quotations and citations omitted). A court will grant a properly-filed Rule 56(d) motion as a matter of course if "there are discovery requests outstanding or relevant facts are under the control of the moving party" that are material to a pending summary judgment motion. *Doe v. Abington Friends School*, 480 F.3d 252, 257 (3d Cir. 2007).

## IV. DISCUSSION

By way of its motion to complete Rule 56(f) discovery, Acceleron requests a continuance or denial of defendants' motions for summary judgment on non-infringement. (D.I. 480 at 9) Acceleron contends that defendants should not be permitted to object to the production of the requested customer data as irrelevant and

---

[3]The court notes that changes to the Federal Rules of Civil Procedure, including changes made to Rule 56, became effective on December 1, 2010, while the instant motions were pending. Rule 56(f) was renumbered as Rule 56(d), and modifications to the wording of that section were made. However, the Committee Notes explicitly state, "Subdivision (d) carries forward without substantial change the provisions of the former subdivision (f)." Therefore, the court shall refer to Rule 56(d) and Rule 56(f) interchangeably.

4

later claim that the customer data is highly relevant to the summary judgment inquiry. (*Id.* at 7) According to Acceleron, defendants prevented Acceleron from taking third party discovery by failing to list any customers or distributors who purchased accused products in their Rule 26(a) disclosures. (*Id.* at 8) Moreover, Acceleron contends that the limited data produced by defendants lacks information as to whether any customer configured an accused HP product in the manner described in the relevant claims. (*Id.* at 9-10)

Defendants respond that Acceleron is not entitled to Rule 56(f) discovery because Acceleron failed to seek the requested information during the discovery period. (D.I. 510 at 6; D.I. 514 at 8) According to defendants, a significant number of marketing and sales documents were produced to Acceleron during discovery, and defendants believed that all discovery-related objections had been resolved months ago. (D.I. 510 at 8; D.I. 514 at 10-11) Moreover, defendants contend that most of the requested information is in the hands of third party customers and distributors. (D.I. 510 at 9-10; D.I. 514 at 7-9) HP contends that the customer data Acceleron seeks is irrelevant to HP's non-infringement arguments because they do not rely on customer data. (D.I. 510 at 10) Furthermore, Intel contends that it was Acceleron's responsibility to list defendants' customers and distributors in its Rule 26(a) disclosures because Acceleron, not defendants, intended to obtain discovery from the customers and distributors. (D.I. 514 at 14)

The court concludes that additional discovery under Rule 56(f) is not justified because Acceleron failed to diligently pursue the discovery necessary to prove the elements of the claims asserted in its complaint during the fact discovery period.

5

Acceleron's complaint sets forth claims for inducement of infringement and contributory infringement, alleging that defendants have "infringed, contributed to the infringement of, or induced the infringement of the '021 patent." (D.I. 1, ¶¶ 25, 27) It is well established that Acceleron, as the patent owner, bears the burden of proving infringement by a preponderance of the evidence. *See SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988) (citations omitted). Moreover, it is well established that inducement of infringement requires proof "that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008). Contributory infringement also requires proof of defendant's knowledge that the combination for which the components were especially made was both patented and infringing, and that defendant's components have no substantial non-infringing uses. 35 U.S.C. § 271(c); *see also Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). The court is not convinced that Acceleron was unaware of its burden to prove infringing customer configurations until defendants filed their motions for summary judgment on non-infringement.

The court further concludes that Acceleron failed to appropriately tailor its Rule 56(f) discovery requests to reach the data relevant to customer configurations. By way of its motion to complete Rule 56(f) discovery, Acceleron seeks responses to several requests for production from its February 2010 discovery requests, despite the fact that the court previously determined that these discovery requests were too broad. (D.I. 513, HPA ex. 54 at 26:9-11) Moreover, on May 3, 2010, Acceleron represented to the court that every outstanding discovery issue relevant to the instant motions was

6

resolved. (*Id.*, HPA ex. 57 at 6:1-8) The court concludes that Acceleron has had ample opportunities to seek the discovery it requests, and it is inappropriate at this stage of the proceedings to reopen fact discovery.[4]

## V. CONCLUSION

For the reasons stated above, Acceleron's motion to complete Rule 56(f) discovery is denied. Acceleron's motion to compel is denied as moot. An appropriate order shall issue.

---

[4]The court reserves the right to review this matter again in the context of summary judgment briefing.